SCOTT N. SCHOOLS (SCBN 9990)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

DEBORAH R. DOUGLAS (NYBN 2099372)
Assistant United States Attorney

   1301 Clay Street, Suite 340S
   Oakland, California 94612
   Telephone: (510) 637-3680
   Facsimile: (510) 637-3724
   E-Mail Address: deborah.r.douglas@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| UNITED STATES OF AMERICA, | ) | No. CR07-00062 MJJ |
|---|---|---|
| Plaintiff, | ) | SECOND STIPULATION AND [PROPOSED] PROTECTIVE ORDER RE: ACCESS CARD ACCOUNT INFORMATION AND PERSONAL IDENTIFICATION INFORMATION |
| v. | ) | |
| ELIJAH BAKER JR., | ) | |
| Defendants. | ) | |

1. On February 8, 2007, the Grand Jury returned a thirteen-count indictment charging defendants Elijah Baker, Jr. ("Baker") and Mark Richardson ("Richardson") with various offenses related to conspiracy and fraud in connection with access devices and identity theft, in violation of Title 18, United States Code, Sections 371, 1029(a)(2), (3) and (5), 1028A(a)(1), and 2.

2. On March 21, 2007, this Court approved the stipulation by the counsel of record for the United States, defendant Elijah Baker Jr. (represented by Philip Schnayerson), and defendant Mark Richardson (represented by Assistant Federal Public Defender Hilary Fox), and issued an order protecting the access card account numbers and personal identification information of over 600 Avis customers.

STIPULATION AND PROTECTIVE ORDER
[CR07-00062 MJJ]

3.	On November 9, 2007, defendant Mark Richardson entered a guilty plea. On that same date, November 9, 2007, this Court granted defendant Elijah Baker's request to replace his attorney, Philip Schnayerson, with attorney Stuart Hanlon (who is assisted by attorney Sara Rief from the Law Offices of Stuart Hanlon).

4.	Plaintiff United States of America, by and through its counsel of record, and defendant Elijah Baker, by and through his newly assigned attorneys Stuart Hanlon and Sara Rief, hereby stipulate that, upon issuance of the protective order sought herein, the materials subject to the protective order will be furnished by the government to Mr. Hanlon and Ms. Rief, who will protect these materials under the terms and conditions set forth in this stipulation. Ms. Rief has advised the undersigned Assistant United States Attorney that defendant's former attorney, Philip Schnayerson, has not provided her office with the CD of protected materials furnished to him by the government pursuant to this Court's previously issued protective order. The government will seek the return of the protected materials directly from Mr. Schnayerson.

5.	The United States of America alleges, inter alia:

a. Defendant Mark Richardson, while an Avis employee, sold access card account information and identification information of Avis customers obtained from the Avis computer system at the Oakland Airport to defendant Elijah Baker, Jr., without the customers' authorization. The identification information included, among other things, the names, addresses, dates of birth, telephone numbers, official State or government issued driver's licenses, and vehicle plate numbers of Avis customers. After printing the computerized Avis contract containing the identification information of Avis customers, Richardson handwrote the respective customer's access card account information, also obtained from the Avis computer system, onto the printout pertaining to each customer.

b. On or about January 26, 2005, twelve Avis rental car computerized contracts containing defendant Mark Richardson's handwriting were seized from the residence of Alan Scott. Richardson admitted that he had supplied those twelve Avis contracts to Baker. A latent print recovered from one of the twelve Avis contracts matched Richardson's fingerprint.

c. On March 29, 2005, during a controlled delivery, Richardson sold fifty-five additional Avis contracts to Baker. Shortly thereafter, law enforcement recovered the fifty-five Avis contracts from Baker. Also recovered was a red spiral notebook containing several hundred names, flight information, and credit card account numbers with expiration dates, names, addresses and birth dates. Additional recovered items included, but are not limited to, a computerized printout from the Hilton Hotel in Pleasanton, CA, containing the names of the account holders, credit card account numbers, and transaction amounts as well as handwritten information, including expiration dates of credit card accounts, the account holders' addresses and telephone numbers; and miscellaneous papers containing names and flight information.

d. From January 30, 2002 through May 26, 2005, the access card account information and identification information of approximately 619 Avis customers were used, without the customers' authorization, to conduct approximately 553 transactions through Expedia.com; approximately 143 transactions through Hotels.com; and approximately 96 transactions through Travelocity, totaling approximately 792 transactions. These transactions included attempted and actual purchases of airline tickets and hotel rooms. The total amount of actual loss to Expedia.com, Hotels.com and Travelocity was at least $299,010.23.

e. Expedia.com, Hotels.com, and Travelocity have furnished the government with spreadsheets and/or documents containing, inter alia, the transaction amounts for airline tickets and hotel rooms, credit card account numbers and expiration dates, the names of the account holders, together with other personal identity information, including the account holders' addresses and telephone numbers.

6. The following materials are subject to the protective order: (a) CD containing spreadsheets of credit card account numbers, the names, addresses, telephone numbers and other personal information of account holders; (b) documents containing credit card account numbers, the names, addresses, telephone numbers and other personal information of account holders; (c) twelve Avis contracts recovered from Alan Scott's residence on or about January 26, 2005; and (d) fifty-five Avis contracts and other documents containing credit card account numbers and personal

1  identification information of numerous individuals recovered from defendant Elijah Baker on March
2  29, 2005.
3       7.   Under Federal Rule of Criminal Procedure 16, the parties stipulate, and this Court
4  orders, that disclosure of access card account information and identification information shall be
5  subject to the following restrictions:
6       a. Except when being actively examined for the purpose of preparing the defense,
7  attorneys Stuart Hanlon and Sara Rief shall maintain all documents/CDs containing access card
8  account information and identification information produced by the United States pursuant to this
9  Order in a locked, safe and secure drawer, cabinet, or safe that is accessible only to the defense
10 attorney, members of his or her law firm who are working with him or her to prepare the defendant's
11 defense, and his or her investigator. Defense counsel, members of his or her law firm, the defendant,
12 and the investigator shall not permit any person access of any kind to the materials produced
13 pursuant to this Order, or disclose in any manner the personal identifying and private financial
14 information of third parties except as set forth below.
15      b.  The following individuals may examine the documents and information related
16 to the personal identifying and private financial information of third parties for the sole purpose of
17 preparing the defendant's defense and for no other purpose:
18           1)  Counsel for defendant;
19           2)  Members of the defendant's law office who are assisting with the
20               preparation of defendant's defense;
21           3)  The defendant, but only in the presence of his defense counsel; and
22           4)  Investigators retained by the defendant to assist in the defense of this
23               matter.
24      c. If the defense counsel determines that additional persons are needed to review the
25 material, he or she must obtain a further order of the Court before allowing any other individual to
26 review the material.
27      d. The defense attorneys may make two working copies of the documents produced
28 pursuant to this Order upon which to take notes, provided that the copies are also maintained in a

STIPULATION AND PROTECTIVE ORDER
[CR07-00062 MJJ]                    4

1. locked, safe and secure drawer, cabinet, or safe that is accessible only to the defense attorney,
2. members of his or her law firm who are working with him or her to prepare the defendant's defense,
3. and his or her investigator.  The defense attorneys shall not permit the defendants or anyone else to
4. annotate or otherwise copy the access card account information or any identification information,
5. including, but not limited to, names, addresses, telephone numbers, social security numbers, and
6. dates of birth.
7.       e.  Any pleadings that include or make reference to the access card account
8. information or other personal information shall be filed under seal, with a redacted version filed on
9. the public record.
10.       f.  Within five court days of the judgment and sentencing hearing in this matter, all
11. material provided to the defense attorneys pursuant to this Order, and all other authorized copies,
12. shall be returned to the United States.  If a defendant believes that he must maintain the material for
13. any reason related to appeal, the defendant must seek authorization from the District Court within
14. five days of the sentencing and judgment in this matter.
15.       g.  By signing this stipulation, defense attorneys Stuart Hanlon and Sara Rief
16. acknowledge as follows:
17.       1) they have reviewed this Stipulation/Order;
18.       2) they understand its contents;
19.       3) they agree that the information produced pursuant to this Order shall only be used
20.       for the purpose of preparing a defense on behalf of defendant Elijah Baker, Jr.;
21.       4) except as provided in this Order, they will not make any copies of, or otherwise
22.       disclose, the information produced pursuant to this Order without further order of the
23.       Court; and
24.       5) they understand that failure to abide by this Order may result in sanctions by this
25.       Court and state or federal criminal charges.
26.       h. Any other individuals who receive access to the materials pursuant to this Order,
27.       <u>prior to receiving access to the materials</u>, shall sign a copy of this Order
28.       acknowledging paragraph g (1) through (5) above.

STIPULATION AND PROTECTIVE ORDER
[CR07-00062 MJJ]                                5

i. A copy of this order shall be maintained with the produced documents/CDs at all times.

STIPULATED:

DATED: 12/6/07

STUART HANLON, Esq.
Attorney for Defendant Elijah Baker, Jr.

DATED: 12/6/07

SARA REIF, Esq.
Attorney for Defendant Elijah Baker Jr.

DATED: 12/6/07

DEBORAH R. DOUGLAS
Assistant United States Attorney

IT IS SO ORDERED.

DATED: 12/11/07

MARTIN J. JENKINS
United States District Judge

*[Seal: UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA — Judge Martin J. Jenkins]*

STIPULATION AND PROTECTIVE ORDER
[CR07-00062 MJJ]                                6